(70 App. Div. 598.)

### CAMMANN et al. v. WHITTLESEY et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

WILLS—LEGACIES—RETURN OF CHOSE IN ACTION—INTEREST.

 Testator, by the first 11 clauses of a will, made large bequests, in-
cluding provisions for his wife, his son, and the latter's wife and daugh-
ter; and by the twelfth clause, after reciting that, as the larger part
of his estate consisted of certain lands, and might be unproductive, and
his wife might want to occupy it, and as his other property would be
sufficient to pay taxes and the legacies in the preceding clauses, he di-
rected that the following legacies be paid out of the body of his estate
as soon as could be without interfering with his wife's comfort, the
sale of said land to be made not later than a certain event; and then,
subject to the above restrictions, he made bequests, amounting to
$220,000, among which was one of $20,000 to C., his niece, to be paid
$10,000 thereof by transfer to her of a mortgage of that amount given
by her and her husband to testator's wife, it, if not belonging to his es-
tate at his decease, to be purchased by his executors, $6,000 to be paid
by transfer to C. of a mortgage of that amount given by her and her
husband to testator, and the balance of the legacy, $4,000, in money.
*Held* that, though the legacy to C. was not strictly a specific legacy, it
was in the nature of one, and that an intent was shown, by the exact
provision as to the manner of payment, that the mortgages should not
be extended, as in the case of the other legacies provided by the twelfth
clause; so that, beyond the year following the granting of letters of
administration, C. should not be charged interest on either mortgage,
though the real estate had not been sold, and the $10,000 mortgage still
belonged to testator's wife.

 Van Brunt, P. J., dissenting.

Appeal from judgment on report of referee.

Action by Hermann H. Cammann and others, surviving executors
of Nathaniel P. Bailey, deceased, against Sidney Smith Whittlesey
and others. From a judgment entered on the report of a referee,
defendants appeal. Modified.

 The action was brought by executors and trustees of the will of Nathaniel
P. Bailey, who died October 12, 1891, for the construction thereof, and a de-
termination of the rights and interests of the beneficiaries. The testator
left surviving him as heirs at law and next of kin his widow, Eliza M.
Bailey, who subsequently died May 23, 1900, and a son, James M. Bailey,
who died February 27, 1897, leaving a widow and a daughter. By his will,
which was dated January 24, 1891, and was admitted to probate December
31, 1891, letters testamentary being issued January 8, 1892, the testator dis-
posed of his estate, which amounted to over $800,000, both by specific be-
quests and by the creation of trusts. The sum of $325,669.77 was thus given
in the first 11 paragraphs. The more important of these legacies were those
named in the third paragraph, directing the executors to set aside $100,000
for the widow, and in the fifth creating a trust of $150,000 for the benefit
of his son, with remainder over for the benefit of the son's wife and daugh-

ter. The twelfth clause, wherein legacies amounting to $221,000 were given, among which was one of $20,000 to the testator's niece, Catherine Whittlesey, the mother of the appellants, provided: "As the largest part of my property consists of lands at Fordham Heights, * * * and said lands at the time of my death may yet be unsold, and therefore unproductive of income, and my wife may desire to occupy the property, or some part thereof, during the term of my son's and my granddaughter's lives, upon whose lives I have limited her enjoyment of my estate, or any other good reason may then exist why the same should not all be forthwith sold, and as my other property will be sufficient to pay the taxes on said Fordham lands, and most, if not all, the other charges and legacies hereinbefore provided in the first to the eleventh, inclusive, sections of this, my will, and as the following legacies cannot be paid unless said Fordham lands, or some portion thereof, are sold, and a part of the avails thereof used for that purpose, I hereby direct my executors to pay the following legacies out of the body of my estate as soon as it can be done without embarrassment to my wife's comfort and an undue sacrifice of said lands, but at any time within the lives of my son and granddaughter, or the survivor of them, should my wife, if she then be living, consent in writing thereto; but, should any two of the three beneficiaries who are to receive the income of the trust estate created under the succeeding sections of my will die, then I direct such sale to be forthwith ·made whether my said wife be living or not, and after the provisions of the foregoing and succeeding sections of this, my will, have been duly complied with, then I hereby give and bequeath to the following persons the following sums, hereby charging the estate of my said son and granddaughter and the residuary estate or estates created hereby with the payment of the following legacies. Subject, therefore, to the above restrictions, I hereby give and bequeath unto the following persons the following sums, viz.: * * * To my niece, Catherine Whittlesey, $20,000, payable as follows: Ten thousand dollars thereof by transfer to herself personally in her own right of a mortgage for that amount, made by her and her husband in favor of my wife, and, in case said mortgage shall not belong to me at my decease, then my executors are hereby directed to purchase the same in order to comply with the bequest, or otherwise to pay said legatee that amount in money; six thousand dollars thereof to be paid by transfer to her in her own right by my executors of a mortgage made by her and her husband in my favor for that amount; and the balance of said legacy, the sum of four thousand dollars, in money." The trust estate referred to as "created under the succeeding sections" for the benefit of three beneficiaries is stated in the fourteenth clause, which disposes of all the rest and remainder of the testator's real and personal property. The Fordham Heights property was occupied and held by the widow down to the time of her death, May 23, 1900. Meanwhile, on February 12, 1895, Catherine Whittlesey died intestate, leaving as her heirs at law the appellants herein. The $10,000 mortgage was not owned by testator at his death, but belonged to his wife, and interest was paid on it by Mrs. Whittlesey up to March 1, 1894. It was purchased by the executors from Mrs. Bailey for $10,000 on December 1, 1899, the unpaid interest at that time amounting to $3,450. · Mrs. Whittlesey paid as interest on the $6,000 mortgage, after the death of the testator, $2,631, of which $447 was for interest for the year after letters testamentary were granted. Both mortgages were assigned to these appellants on December 1, 1899. The referee, in his report, determined with regard to the sum which the appellants were entitled to receive from the executors in payment of what remained due under the legacy that the legatees were to be charged with $3,450 interest due and unpaid on the $10,000 mortgage when it was purchased from the widow, and that they were not to receive back the interest which had been paid thereon from the time of the testator's death to March 1, 1894; that they were to be charged with interest on the $6,000 for the year following the death of the testator, but were to be credited with $2,184 earned and collected on that mortgage after January 8, 1893. From the judgment entered on the report the legatees referred to appeal, claiming that the referee erred (1) in charging them with interest of $3,450, unpaid when the $10,000 was assigned; (2) in not crediting them.

with $1,500, paid thereon prior to March 1, 1894; and (3) in charging them with $447 interest on the $6,000 mortgage for the year following the granting of letters testamentary.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Thomas F. Conway, for appellants.

Fordham Morris, for respondent executors.

Stephen H. Olin, for respondent Bailey.

O'BRIEN, J. We concur with the referee in his conclusion, and for the reasons stated by him that interest should be charged on the $6,000 mortgage for the year following the granting of letters testamentary. It seems anomalous, however, that he should have reached the further conclusion that the legatee was chargeable with interest that accrued on the $10,000 mortgage beyond that time. Undoubtedly there is a distinction between the two mortgages, growing out of the fact that the testator held one at his death, while the other—the $10,000 mortgage—was at that time the property of his wife; and, owing entirely to this consideration, the referee held that, while the $6,000 mortgage was a demonstrative legacy, the one for $10,000 was neither a specific nor a demonstrative legacy, and that, as its purchase could only be made with funds raised through the sale of the Fordham property, it was payable in the same way as the remaining legacies in the twelfth clause, namely, after such sale, and interest ran only after the date so fixed. The results of the decision of the referee are, the legatee receives the $6,000 mortgage as of a date one year after the granting of letters testamentary, but the transfer to her of the $10,000 mortgage is made as of such time as it was purchased by the executors, which purchase could be deferred until the Fordham property was to be sold. The referee has correctly stated the general rule upon the subject of when interest runs upon legacies, and the distinction made in the cases between specific, demonstrative, and general legacies; but we think he has overlooked what is, after all, the controlling principle in all cases involving the construction of wills, and that is the intention of the testator. Notwithstanding the difference in his relation as to the ownership of the two mortgages, it is reasonably certain that the testator intended to make no distinction as to the benefits which the legatee was to receive from the transfer to her of both mortgages, because he distinctly states that, if he did not own the $10,000 mortgage at his decease, then his executors were to purchase it, in order to comply with his wishes, which were that in part payment of her legacy of $20,000 his niece should receive the two mortgages, and the remaining $4,000 in money. Although, therefore, this was not, strictly speaking, a specific legacy, it was in the nature of such; and the testator, having in mind the fact that there rested upon the legatee the obligation of paying not only the principal, but also the interest, of the two mortgages, intended, as is fairly inferable from the context, that these obligations should not be extended, as in the case of the other legacies in the twelfth clause, until the time arrived for the sale of the Fordham property. He thought, no doubt, that

at some time between the making of his will and his death this mortgage of $10,000 would come into his possession, or else that after his death his executors might arrange the matter with his wife; but, either failing, he gave the express direction to his executors that if he did not, at his death, own the mortgage, they were to purchase it. Had he owned it at his death, clearly the rights of the legatee therein would have been the same as to the $6,000 mortgage. In view, therefore, of the evident intent of the testator, as shown by the exact provision he made as to the manner of payment of this legacy, we think the referee gave undue weight to legal definitions and artificial rules, which in doubtful cases are necessarily resorted to for the purpose of construing and administering wills, but which must give way and can play no part where the intent is clear. Our reading of this twelfth clause of the will before us, providing that the Whittlesey legacy of $20,000 is payable in a specified and different manner from all the other legacies embraced in that clause, is that the testator intended that his niece should receive the benefit of these mortgages, and that in this connection he did not intend to make any distinction between the $6,000 and the $10,000 mortgage.

Our conclusion, therefore, is that the referee erroneously charged the legatee with the interest which had accumulated on the $10,000 mortgage during the period beyond the year after the letters testamentary were issued, and that the judgment appealed from should be modified in that respect, and, as so modified, affirmed, with costs to the appellant, payable out of the estate. All concur, except VAN BRUNT, P. J., who dissents.

VAN BRUNT, P. J. (dissenting). I agree that it is anomalous that the referee did not charge interest on the $6,000 mortgage as well as the $10,000 mortgage, and I am of the opinion that he should have charged interest upon both. The mortgagor was bound to pay the interest upon these mortgages until the legacy of $20,000 became payable, which it is conceded would not occur until the Fordham Heights property was sold. It is entirely immaterial as to who held these mortgages. The bonds accompanying the mortgages were debts of the mortgagor, and they naturally drew interest until the time came for their being turned over to the mortgagor in part payment of the $20,000 legacy when such legacy became due. It might just as well be claimed that the mortgagor was entitled to recover interest upon the sum of $4,000 which was to be paid in cash as that she was not to pay interest upon her debts until, under the terms of the will, it became proper for the executors to discharge the same.